IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leroy D. Chavez, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>Sysco Foods of Arizona,<br><br>    Defendant. | No. CV-11-170-PHX-ROS<br><br>**ORDER** |

Defendants Sysco Arizona, Inc. (erroneously referred to as Sysco Foods of Arizona) seeks dismissal of Plaintiffs' complaint. For the following reasons, the motion will be granted.

Federal Rule of Civil Procedure 8 requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint containing only "naked assertions devoid of further factual enhancement" is not sufficient. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations omitted).

Plaintiffs' complaint contains *no* factual allegations in support of their claims. Instead, the entire complaint consists of a list of the claims Plaintiffs wish to pursue. (Doc. 1). This is not close to sufficient. Plaintiffs will be given *one* opportunity to amend their

complaint.[1] In doing so, they must allege the *facts* in support of their claims. Plaintiffs are cautioned, however, that Defendant's motion to dismiss makes a number of compelling arguments that Plaintiffs' claims are barred as a matter of law. For example, Plaintiffs cite the Norris-LaGuardia Act, 29 U.S.C. § 101, as one type of claim they wish to pursue. But there does not appear to be a private cause of action under that statute for the type of claim Plaintiffs wish to pursue. In addition, Plaintiffs' disability discrimination claim appears to be barred by the statute of limitations. Therefore, if Plaintiffs choose to amend their complaint, they must take care to plead viable claims for relief. Plaintiffs are warned that continuing to pursue claims which are barred as a matter of law may result in sanctions against them, such as an award of the attorneys' fees incurred by Defendant.[2]

Accordingly,

**IT IS ORDERED** the Motion to Dismiss (Doc. 6) is **GRANTED**. Plaintiffs shall file their amended complaint no later than May 16, 2011. The Clerk of Court shall enter judgment in favor of Defendant if no amended complaint is filed by that date.

**IT IS FURTHER ORDERED** the Motion for Default Judgment (Doc. 10) and Motion to Amend (Doc. 14) are **DENIED**.

Dated this 3rd day of May, 2011.

_____
Roslyn O. Silver
Chief United States District Judge

---

[1] Plaintiffs filed a motion to amend but their proposed amended complaint merely lists additional claims. The proposed amended complaint would be futile in that it would be subject to dismissal for the same reasons the original complaint must be dismissed.

[2] Plaintiffs' request for default judgment is inappropriate. Default is not permitted when a defendant has filed a proper response to the complaint. Because Defendant filed a timely motion to dismiss in response to the complaint, the motion for default judgment must be denied.